UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-81108-CIV-RYSKAMP/VITUNAC

MERIDIAN OF PALM BEACH CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.

QBE INSURANCE CORP.,
A foreign corporation,

    Defendant.
_____/

**ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES**

THIS CAUSE comes before the Court pursuant to the motion of Plaintiff Meridian of Palm Beach Condominium Association, Inc. ("Plaintiff") to Strike Various Affirmative Defenses, filed January 17, 2007 **[DE 6]**. Defendant QBE Insurance Corp. ("Defendant") responded on February 18, 2007 **[DE 16]**. Plaintiff replied on February 23, 2007 **[DE 18]**. This motion is ripe for adjudication.

**I. BACKGROUND**

Plaintiff, a Florida corporation located in Palm Beach County, Florida, is the owner of two condominium buildings located at 3300 S. Ocean Blvd West Palm Beach, FL 33480 (the "insured property"). (Compl., 2.) Defendant is a Pennsylvania corporation having its principal place of business in New York, New York and is authorized to sell insurance in the State of Florida. (Compl., 3.) Plaintiff purchased from Defendant a Commercial Property, Building and Contents Property Insurance Policy ("Policy") that provided for insurance coverage for the

insured property for January 1, 2004 through January 1, 2005. The Policy provides that Defendant "will pay for direct physical loss or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss." (Compl., 6.)

On or about September 25, 2004, Hurricane Jeanne caused severe damage to the interior of the insured property. (Compl., 8.) Plaintiff maintains that its damages were covered by the Policy. (Compl., 9.) On September 21, 2005, Plaintiff submitted, through its public adjuster, Strategic Adjustment Services, Inc., a Sworn Statement in Proof of Loss to Defendant. The statement assessed the entire loss in the amount of $1,581,572.42, less the policy deductible in the amount of $331,400, making the net amount claimed by Plaintiff $1,250,172.42. (Compl., 11, Exhibit B.) Plaintiff also provided Defendant with an engineering and architectural Building Damage Assessment dated August 1, 2005 that concluded that two roofs on the insured property were damaged in the storm and required replacement. (Compl., 12.) Defendant assigned a number to the claim, but since doing so, has failed to make a formal coverage determination. (Compl., 13.)

Plaintiff brings a two count complaint. Count I is a claim for breach of contract for failure to pay the claim or make a coverage determination. Count II is a claim for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, requesting a requesting a declaration of the parties' legal rights. Defendant filed an answer and affirmative defenses on December 28, 2006. Plaintiff now seeks to strike several of the affirmative defenses.

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(f) provides that "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." It is proper to strike a defense if it is insufficient as a matter of law. "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." Morrison v. Executive, Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (quoting Anchor Hocking Corp. v. Jacksonville Electric Authority, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). Affirmative defenses are also subject to the general pleading standard of Fed. R. Civ. P. 8(a), which requires a "short and plain statement" of the asserted defense. See Morrison, 434 F. Supp. 2d at 1318. While the rule does not require presentation of detailed facts, it does require the party raising the affirmative defense to "do more than make conclusory allegations." Id. (quoting Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002)). Accordingly, despite liberal pleading requirements, where an affirmative defense is no more than "bare bones conclusory allegations, [it] must be stricken." Morrison, 434 F. Supp. 2d at 1318. See also Merrill Lynch Business Financial Services, Inc. v. Performance Machine Systems USA, 2005 WL 975773, *11 (S.D. Fla. 2005) (affirmative defenses are subject to the general pleading requirements of Rule 8(a) "and will be stricken if they failed to recite more than bare-bones conclusory allegations").

Federal courts also recognize that, by its very definition, "[a]n affirmative defense is established only when the defendant admits the essential facts of the complaint and sets up other facts in justification or avoidance." Morrison, 434 F. Supp. 2d at 1318 (quoting Will v. Richardson-Merrell, Inc., 647 F. Supp. 544, 547 (S.D. Ga. 1986)). Consequently, an affirmative

4

defense that "simply points out a defect or lack of evidence the plaintiff's case, is not an affirmative defense." Id. (citing In re Rawson Food-Service, Inc., 846 F.2d 1343, 1349 (11th Cir. 1988)).

### III.  DISCUSSION

Defendant's first affirmative defense states:

> As its first affirmative defense, the Defendant states that the Plaintiff has failed to comply with all conditions precedent to filing suit against the insurer for breach of the subject insurance policy or otherwise.

The first affirmative defense is stricken as it is a conclusory, bare-bones allegation that Plaintiff failed to comply with conditions precedent. Fed. R. Civ. P. 9(c) requires that such a defense "shall be made specifically and with particularity."

Defendant's third affirmative defense states:

> As its third affirmative Defense, Defendant states that the damages alleged in the Plaintiff's Complaint are not covered under the provisions of the subject insurance policy, in whole or in part, and/or are excluded from coverage, in whole or in part, pursuant to various exclusions contained within the policy.

Again, this affirmative defense is stricken as it does not constitute an affirmative defense, and presents conclusory, bare-bones allegations that Plaintiff's damages are either not covered or are excluded from coverage. This affirmative defense does not advise Plaintiff how, why or in what way the coverage is allegedly excluded and makes no general reference to the policy itself. When a 50 plus page insurance policy is involved, such an allegation could not be any more conclusory.

Defendant's fourth affirmative defense states:

> Defendant states as its fourth affirmative defense that the insurance policy is limited to property covered under said insurance policy, and that the Plaintiff's claim includes property not covered under the Defendant's insurance policy, the Declaration of Condominium, and applicable law.

This affirmative defense is stricken, as it does not constitute an affirmative defense and presents only conclusory, bare-bones allegations that the loss is not covered under the policy. Defendant claims that this affirmative defense provides fair notice of its intent to rely upon the policy definitions of "'covered property' to preclude coverage for non-covered property...," but this argument apparently refers to more than one definition. If there is more than one policy definition of "covered property," Plaintiff is entitled to a placed on notice of the specific language on which Defendant relies.

The sixth and seventh affirmative defenses state that the loss or damage sustained as a result of Hurricanes Frances and Jean are each subject individual deductibles of $331,440. These defenses are stricken as redundant and immaterial. The Complaint alleges that the Sworn Statement in Proof of Loss already reduced the total loss by the amount of the deductible. Furthermore, the Complaint alleges property damage caused by Hurricane Jeanne only.

Defendant's ninth affirmative defense quotes from a portion of the policy purportedly limiting Defendant's obligation to pay. This affirmative defense merely states that Plaintiff failed to comply with "all the terms of this coverage part". This defense is stricken as wholly conclusory in that it does not provide fair notice as to how the quoted provision applies to the facts of the complaint.

The eleventh affirmative defense alleges that certain areas of the property, specifically the pool gazebo, tennis courts, tennis court fencing, beach access walk and tennis gazebos are not

covered under the policy. This defense is stricken as legally insufficient, as the Complaint and attached documentation do not seek damages for any losses sustained to these condominium property areas.

## IV. CONCLUSION

THE COURT, having reviewed the motion and attendant filings and being otherwise fully advised, hereby

ORDERS AND ADJUDGES that Plaintiff's Motion to Strike Various Affirmative Defenses, filed January 17, 2007 **[DE 6]** is GRANTED. Defendant will have 20 days from the date of this order to file amended affirmative defenses.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 7th day of May, 2007.

               S/Kenneth L. Ryskamp
               KENNETH L. RYSKAMP
               UNITED STATES DISTRICT JUDGE